[See Case No. 16,232a.]

---

## Case No. 16,232a.

### UNITED STATES v. SCHOYER.

[4 Betts, C. C. MS. 59.]

Circuit Court, S. D. New York. March 3, 1845.

CUSTOMS DUTIES—VIOLATION OF LAWS—COUNTERFEITING COLLECTOR'S CERTIFICATE.

[1. The certificate which the supervisor (or collector) is required by the 41st section of the act of March 2, 1799 (1 Stat. 659), to give to the importer of distilled spirits, to accompany the cask, as evidence that the same has been lawfully imported, is an "official document granted by the collector," within the meaning of the 19th section of the crimes act of 1825 (4 Stat. 120), which makes it a felony to forge or counterfeit such documents.]

[2. The provision of the statute that the certificate is to be "numbered, signed, and deliver-

ed" by the collector, and "filled up and countersigned" by the inspector, does not require that the collector shall affix his manual signature, and the instrument may be the subject of forgery, although his signature was printed.]

[3. But even if an original paper, executed with printed signatures, would not be good under the statute, yet, as it purports to be a genuine certificate, it would still be a felony, under the terms of the crimes act, to counterfeit it.]

BETTS, District Judge. To an indictment under the 19th section of the crimes act of March 3, 1825, the defendant, Raphael Schoyer, demurs generally. On the argument two principal grounds were taken in support of the demurrer: (1) That the instrument set forth, appears upon the indictment not to have been signed and granted by the collector, and is therefore void; and (2) that if properly issued, the indictment shows the original, which it purports to represent, was of no value, and could not be legally the subject of a forgery. The instrument is the special certificate required by the 41st section of the act of March 2, 1799, to be given the proprietor, importer, or consignee of any distilled spirits, to accompany each cask, &c., wherever the same may be sent within the limits of the United States, as evidence that the same have been lawfully imported. By the 42d section it is enacted, that the supervisors of the several districts shall provide blank certificates under such checks and devices as shall be prescribed by the proper officers of the treasury, and shall number, sign, and deliver the same to the officers who may perform the duties of inspectors of the revenue, for the several ports in their respective districts; which blank certificates shall be filled up and countersigned by the inspectors of the revenue aforesaid, &c. No distinct officer of the revenue seems to have been created by the acts of congress under the name of "supervisor," but the act of March 3, 1803, seems to recognize the existence of such officer in authorizing the president to attach his duties to any other officer of the United States within such district (3 Laws [Bior. & D.] 560 [2 Stat. 243]), and it is to be assumed, under the pleadings, that the collector was duly empowered to perform those duties.

The indictment alleges the certificate in question to have been granted by the collector by virtue of his office, in the particular form set forth, the signatures to which are "Edward Curtis, Collector, per N. Olcott," and countersigned "William Taggard, Inspector, by W. R. Grey," and the names of the collector and inspector, it is admitted, were printed, and not written by those officers themselves. The 19th section of the act of 1825 makes it felony to falsely make, forge, or counterfeit, &c., any instrument in imitation of, or purporting to be (amongst many others designated), a permit, debenture, or other official document, granted by any collector or other officer of the customs by virtue of his or their office. This is clearly an offi-

cial document, granted under the requirement of the law, and one which must accompany the cask, and to which it applies as evidence that the same has been lawfully imported. It is quite unnecessary to consider whether counterfeiting such an instrument would be forgery at common law for the want of any intrinsic value in the genuine document, because the legislature here have created and defined the offence, and made it felony to falsify an official document of this character, without respect to any fraudulent intent in the act. Congress perceived a mischief, which it deemed important to suppress, in the simulation of its official documents, and has declared such acts felony, whether accompanied by a fraudulent use of them, or attempt or intent to use them.

The averments in the indictment are fully sufficient to bring this case within the description of offence given in the act of congress, and must be held sufficient on general demurrer (Archb. Cr. Pl. 27, 28; 1 Chit. Cr. Law, 231, 232; Fost. Crown Law, 424), if the instrument was so executed as to become an official document   [U. S. v. Turner] 7 Pet. [32 U. S.] 132. The last point is not without its difficulties. The certificate is to be "numbered, signed, and delivered" by the collector, and "filled up and countersigned" by the inspector. In ordinary acceptation, when a paper is required to be signed officially or by an individual, the manual signature of the person indicated is understood to be necessary. Letters patent must be signed by the president of the United States. Cutting v. Myers [Case No. 3,520]. The more modern decisions in England hold that wills must be subscribed by the testator (1 Wils. 313; 2 Ball & B. 104; 2 Ves., Sr., 459; 1 Ves., Jr., 11; 17 Ves. 458; 18 Ves. 175), though sealing has been sometimes regarded sufficient (1 Show. 68; 2 Strange, 764); and in Lemayne v. Stanley, 3 Lev. 1, it was held that it was a sufficient signature to a will for the testator to stamp his name thereto.

The word "subscribe" in the statute of wills or frauds has never been construed to require the actual writing of the name of the party with his own hand; making his mark or cross is held a sufficient signature (8 Ves. 185. 504); and undoubtedly directing another to write his name, and then publishing and declaring the instrument, would constitute a valid subscription (Rex v. Inhabitants of Longnor, 1 Nev. & M. 576). And also the direct acknowledgment of a testator or grantor of the signature to a will or instrument in writing is sufficient evidence of the authenticity of the signature, without proving the subscription to have been actually made by him. 2 Rev. St. p. 63, § 40; 2 Starkie, Ev. 228; Greenl. Ev. § 569, note 4. This statute should not be construed with any severer restrictions than are applied to the statute of wills, for it has reference to the transaction of the current business at a custom house, where calls for

papers of this character may be exceedingly multifarious, and, if to be actually executed by the collector, might divert to that object a great portion of his time. Although the statute calls for attestation of the document by signing it, yet the certificate takes its effect and operation from being granted by the proper officers, and the terms of the statute would very reasonably, therefore, cover any act of the officers recognizing and acknowledging the validity of the certificate, and make it equivalent to proof of subscription. The collector is by the statute required to number, sign, and deliver the certificate to the inspector, &c., and the "blanks shall be filled up and countersigned by the inspector," &c. No doubt could be entertained that the law would be complied with if the collector had the numbering and delivering of the certificate made by a clerk, without any participation of his in those particulars, or if the inspector also had the blanks filled by another than himself; yet the language of the statute enjoined these services in exactly the same terms as that of signing and countersigning.

I am of opinion that a signature, written or printed, recognized and acknowledged by those officers as their own, is a sufficient signing and countersigning of the certificates to satisfy the requirement of the act, and that accordingly the instrument is valid, and operative as an official document. But, further, if an original paper so executed be not good under the statute, it yet purports to be a genuine certificate, and, within the case of U. S. v. Turner, 7 Pet. [32 U. S.] 132, the defendant would commit a felony by fabricating or attempting to pass it. The indictment charges the false making and counterfeiting, and the uttering, and attempting to utter, the forged certificate, knowing it to be forged, and purporting to be an official document granted by the collector of customs of this district, and on general demurrer I hold these allegations sufficient. Judgment is accordingly rendered against the demurrer, with order that the defendant plead to the indictment.

